UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-61731-CIV-COHN-SELTZER

PIONEER INTERNATIONAL GROUP, INC.,
and GEORGE ANAYA, JR., individually,

        Plaintiffs,

vs.

WESTLUND FARMS, LLC ANDREW
WESTLUND, individually, CYBERGY
HOLDINGS, INC., and MARK GRAY,
individually,

        Defendants.
_____

_____

# MEMORANDUM OF LAW IN OPPOSITION TO
# DEFENDANTS' MOTION TO DISMISS COMPLAINT
_____

        Frank Smith, Esq.
        **FMS Lawyer PL**
        9900 Stirling Road, Suite 226
        Cooper City, FL 33024
        (954) 985-1400

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………… 1

PROCEDURAL STATEMENT…………………………………………………………… 3

STATEMENT OF THE CASE……………………………………………………………. 3

MOTION TO DISMISS STANDARD OF REVIEW…………………………………… 4

ARGUMENT……………………………………………………………………………….. 5

      POINT I – General Points ……………………………………………..…….. 5

      POINT II – Contract Interpretation at this Time is Improper……..……………….... 6

      POINT III – Breach of Contract ……………………………….…………………. 6

      POINT IV – Chapter 517, Florida Statutes…………………….………………. 7

      POINT V – Fraudulent and Negligent Misrepresentation ………..……..………. 9

      POINT VI – Conversion ……………………………………………….…… 10

      POINT VII – Civil Theft ……………………………………………….…… 11

      POINT VIII – Contract Implied in Law………………………….…………. 11

      POINT IX – Equitable Accounting ……………………………….…………… 12

      POINT X – Civil Conspiracy ………………………………….……..…… 13

CONCLUSION……………………………………………………………………….... 14

## **TABLE OF AUTHORITIES**

| **Cases** | **Page** |
|---|---|
| *Arnold v. McFall*, 839 F. Supp. 2d 1281 (S.D. Fla. 2011) | 8 |
| *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) | 4, 5 |
| *Assa Comp. De Seguros, S.A. v. Codotrans, Inc.*, 15 F. Supp. 3d 1271 (S.D. Fla. 2014) | 6 |
| *Abruzzo v. Haller*, 603 So.2d 1338 (Fla.Dist.Ct.App.1992) | 7 |
| *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) | 4, 5 |
| *Ben–Yishay v. Mastercraft Dev.*, LLC, 553 F.Supp.2d 1360 (S.D.Fla.2008) | 6 |
| *Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co., Inc.*, 695 So. 2d 383 (Fla. 4th DCA 1997) | 12 |
| *Creative Am. Educ., LLC v. Learning Experience Sys.*, LLC, 9:14-CV-80900, 2015 WL 4655087 (S.D. Fla. 2015) | 7 |
| *Dantzler, Inc. v. PNC Bank, Nat. Ass'n*, 946 F. Supp. 2d 1344 (S.D. Fla. 2013) | 9, 10 |
| *Eagletech Communications, Inc. v. Bryn Mawr Inv. Group, Inc.*, 79 So. 3d 855 (Fla. 4th DCA 2012) | 13 |
| *E.F. Hutton & Co., Inc. v. Rousseff*, 537 So.2d 978 (Fla.1989) | 8 |
| *First Fin. USA, Inc. v. Steinger*, 760 So. 2d 996 (Fla. 4th DCA 2000) | 5, 6 |
| *Gochnauer v. A.G. Edwards & Sons, Inc.*, 810 F.2d 1042 (11th Cir.1987) | 8 |
| *Grippo v. Perazzo*, 357 F.3d 1218 (11th Cir.2004) | 8 |
| *Henry M. Butler, Inc. v. Trizec Properties, Inc.*, 524 So.2d 710 (Fla. 2d DCA 1988) | 12 |
| *Hillman Const. Corp. v. Wainer*, 636 So.2d 576 (Fla. 4th DCA 1994) | 12 |
| *Hodges v. Buzzeo*, 193 F.Supp.2d 1279 (M.D.Fla.2002) | 7 |
| *Johnson v. Southern Bell Telephone and Telegraph Company* 169 So.2d 36 (Fla. 3d DCA 1964) | 5 |
| *Kest v. Nathanson*, 216 So.2d 233 (Fla. 4th DCA 1968) | 5 |

*La Pesca Grande Charters, Inc. v. Moran*, 704 So.2d 710 (Fla. 5th DCA 1998)                6

*Managed Care Solutions, Inc. v. Cmty. Health Sys., Inc.*,                                  6
2011 WL 6024572 (S.D.Fla. Dec. 2, 2011)

*McKissack v. Swire Pac. Holdings, Inc.*, 2011 WL 1233370 (S.D.Fla. Mar. 31, 2011)          6

*Merck & Co., Inc. v. Reynolds*, 559 U.S. 633 (2010)                                        8

*Moran v. Crystal Beach Capital, LLC*, No. 8:10–cv–1037–T–30AEP                             6
2011 WL 17637 (M.D.Fla. Jan. 4, 2011)

*Orlovsky v. Solid Surf, Inc.*, 405 So.2d 1363 (Fla. 4th DCA 1981)                          5

*Pizzi v. Cent. Bank & Trust Co.*, 250 So. 2d 895 (Fla. 1971)                               5

*Raimi v. Furlong*, 702 So.2d 1273 (Fla. 3d DCA 1997)                                       13

*In re Recoton Corp. Sec. Litig.*, 358 F.Supp.2d 1130 (M.D.Fla.2005)                        8

*Rose v. ADT Sec. Servs., Inc.*, 989 So.2d 1244 (Fla. 1st DCA 2008)                         9

*Roth v. Nautical Eng'g Corp.*, 654 So.2d 978 (Fla. 4th DCA 1995)                           5

*Simon v. Celebration Co.*, 883 So.2d 826 (Fla. 5th DCA 2004)                               9, 10

*Specialty Marine & Indus. Supplies, Inc. v. Venus*, 66 So.3d 306 (Fla. 1st DCA 2011)       9

*Theoharous v. Fong*, 256 F.3d 1219 (11th Cir.2001)                                         8

*Tipper,* 281 So.2d 10 (Fla. 1973)                                                          12

*Variety Children's Hosp. v. Vigliotti*, 385 So.2d 1052 (Fla. 3d DCA 1980)                  12

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194 (11th Cir.2001)                              8

**Statutes and Rules**

§517.211, Florida Statutes                                                                  8

§517.301, Florida Statutes                                                                  7, 8

Rule 8 of the Federal Rules of Civil Procedure                                              4

Rule 9 of the Federal Rules of Civil Procedure                                              8

Fla. R. Civ. P. Form 1.939                                                                  10

## PROCEDURAL STATEMENT

1. This memorandum of law is submitted by Plaintiffs, PIONEER INTERNATIONAL GROUP, INC. and GEORGE ANAYA, JR., in opposition to the Defendants', WESTLUND FARMS, LLC ANDREW WESTLUND, CYBERGY HOLDINGS, INC., and MARK GRAY, Motion to Dismiss (D.E #17) and accompanying Memorandum of Law (D.E. #17-1), seeking to dismiss the Complaint in this matter.

2. This matter is before the Court on a Notice of Removal filed by the Defendants on August 19, 2015 and the Complaint is an Exhibit thereto (D.E. #1).

3. Pursuant to Rule 7.1(c) of the Local Rules for the Southern District of Florida, Plaintiffs' Opposition to the Motion to Dismiss is due by September 14, 2015.

## STATEMENT OF THE CASE

4. The alleged facts surrounding this matter are adequately set forth in the Complaint, but in sum and substance the seminal facts are as follows:

   a. There was an agreement to purchase stock;

   b. There was a written agreement between one (1) of the Plaintiffs (PIONEER) and one (1) of the Defendants (WESTLUND FARMS);

   c. There were other oral and written communications by and between the parties in this matter;

   d. The payment for the stock was made by Plaintiffs; and,

   e. No stock was delivered by Defendants.

5. By virtue of the above facts, Plaintiffs have sought relief from Defendants under nine (9) counts:

   a. Count I – Breach of Contract;

    b.  Count II – Relief under Chapter 517, Florida Statutes;

    c.  Count III – Fraudulent Representation;

    d.  Count IV – Negligent Representation;

    e.  Count V – Conversion;

    f.  Count VI – Civil Theft;

    g.  Count VII Contract Implied in Law;

    h.  Count VIII – Equitable Accounting; and,

    i.  Count IX – Civil Conspiracy.

6. The counts in the Complaint are overlapping and in many cases are pled in the alternative, as is appropriate.

7. Further, the pleading

## MOTION TO DISMISS STANDARD OF REVIEW

8. Defendants adequately set forth the standard of review in their motion, but for the sake of completeness, the standard is:

> Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, *Twombly,* 550 U.S., at 555, 127 S.Ct. 1955, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," *id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. Two working principles underlie *Twombly*. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Id.,* at 555, 127 S.Ct. 1955. Second, determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. *Id.,* at 556, 127 S.Ct. 1955. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.

> When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Pp. 1948 – 1951.

*Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009), citing to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

9. The Court is constrained to the allegations in the Complaint at this time:

> The complaint on its face alleges (as per quote therefrom recited above) sufficient facts to state a cause of action as required by Rule 1.110, F.R.C.P. This is all that may be considered by the trial court when ruling on a motion to dismiss a complaint for failure to state a cause of action. While the bank may have affirmative defenses which will absolve it of all liability, either in summary judgment proceedings or at trial, these may not be considered at this time. *Johnson v. Southern Bell Telephone and Telegraph Company*, Fla.App.1964, 169 So.2d 36. The court 'must confine itself strictly to the allegations within the four corners of the complaint.' *Kest v. Nathanson*, Fla.App.1968, 216 So.2d 233, 235.

*Pizzi v. Cent. Bank & Trust Co.*, 250 So. 2d 895, 897 (Fla. 1971).

## ARGUMENT

### Point I – General Points

10. Inasmuch as there appears to be no issue that the subject stock was not issued, it is shocking that Defendants have sought to dismiss the entire Complaint and not just certain parts.

11. Further, there appears to be some confusion on the part of Defendants that either the written contract "overrides" all other causes of action, or the written contract precludes causes of action against any party not a signatory to the written contract.

12. Initially, it is noted that in Florida, the individuals clearly have independent liability, joint and several with that of the entities:

> It is well-settled, however, that individual officers and agents of a corporation may be held personally liable for their tortious acts, even if such acts were committed within the scope of their employment or as corporate officers. *Orlovsky v. Solid Surf, Inc.,* 405 So.2d 1363 (Fla. 4th DCA 1981). A corporate officer or representative of a defendant corporation is not shielded from individual liability for his own torts. *Roth v. Nautical Eng'g*

*Corp.,* 654 So.2d 978 (Fla. 4th DCA 1995). Fraud in the inducement is a recognized intentional tort that can subject a corporate officer to individual liability. *See La Pesca Grande Charters, Inc. v. Moran,* 704 So.2d 710 (Fla. 5th DCA 1998).

*First Fin. USA, Inc. v. Steinger*, 760 So. 2d 996, 997-98 (Fla. 4th DCA 2000).

13. In addition, only two (2) of the parties are subject to the underlying written agreement, and so, the other parties may not use the agreement as a "shield;" especially at the point of only a motion to dismiss.

## Point II – Contract Interpretation at this Time is Improper

14. Defendants have clearly sought to have the Court interpret the written agreement at this time and to use it in support of dismissing the Complaint. This is improper at this time:

> However, "[a] court may not engage in contract interpretation at the motion to dismiss stage, as these arguments are more appropriate for summary judgment." *McKissack v. Swire Pac. Holdings, Inc.,* No. 09–22086–Civ, 2011 WL 1233370, at *3 (S.D.Fla. Mar. 31, 2011) (citing *1276 *Moran v. Crystal Beach Capital, LLC,* No. 8:10–cv–1037–T–30AEP, 2011 WL 17637, at *4 (M.D.Fla. Jan. 4, 2011)). *See also Managed Care Solutions, Inc. v. Cmty. Health Sys., Inc.,* No. 10–60170–CIV, 2011 WL 6024572, at *8 (S.D.Fla. Dec. 2, 2011) ("A determination of the proper interpretation of the contract should be decided at the summary judgment stage, not in a ruling on a[ ] motion to dismiss." (alteration added)); *Ben–Yishay v. Mastercraft Dev., LLC,* 553 F.Supp.2d 1360, 1373 (S.D.Fla.2008) ("The proper interpretation of this provision is not a matter that can be resolved on a motion to dismiss for failure to state a claim. Interpretation of a clear and unambiguous contractual provision is a question of law properly decided on summary judgment." (citation omitted)).

*Assa Compania De Seguros, S.A. v. Codotrans, Inc.*, 15 F. Supp. 3d 1271, 1275-76 (S.D. Fla. 2014).

15. To the extent that Defendants desire to engage in an interpretation of the contract, then they should answer and move for summary judgment.

## Point III – Breach of Contract

16. Count I has been brought only between the parties to the written contract.

17. The elements of a breach of contract are adequately set forth:

> Under Florida law, the elements of a breach of contract action are (1) a valid contract; (2) material breach; and (3) damages. *Hodges v. Buzzeo,* 193 F.Supp.2d 1279 (M.D.Fla.2002) (citing *Abruzzo v. Haller,* 603 So.2d 1338, 1340 (Fla.Dist.Ct.App.1992)).

*Creative Am. Educ., LLC v. Learning Experience Sys., LLC*, 9:14-CV-80900, 2015 WL 4655087, at *36 (S.D. Fla. 2015).

18. Plaintiff PIONEER has alleged the contract, a breach by failure to issue the shares, and damages in excess of the required minimum; what else could be required?

19. In essence, Defendants argue that the admitted payment of $145,000.00 and getting nothing in return, could not substantiate damages; this is simply silly.

20. The contract also indicates that at "closing," not only would monies be paid, but also the shares would be issued.

21. In any event, it is clear that Count I is adequately pled, and the motion to dismiss should be denied as to Count I.

### Point IV – Chapter 517, Florida Statutes

22. Count II has been brought between all parties for Florida State Securities Fraud.

23. The elements of this Count are adequately set forth:

> In count one, Plaintiffs allege Defendants violated section 517.301(1)(a) ("Section 301") of the Florida Securities and Investor Protection Act ("FSIPA"). Section 301 states in pertinent part that it is unlawful for an individual "in connection with the offer, sale, or purchase of any investment or security" to do any of the following: (1) "employ any device, scheme, or artifice to defraud;" (2) "obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading;" or (3) "engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a person." (*See* DE 1—Attachment 1 at 11). *See* Fla. Stat. § 517.301(1)(a)(1)-(3). The elements of a cause of action under Section 301 are identical to those under Rule 10b–5 of the Exchange Act, "except that the scienter requirement under Florida law is

> satisfied by [a] showing of mere negligence," *Grippo v. Perazzo,* 357 F.3d 1218, 1223 (11th Cir.2004) (citing *Gochnauer v. A.G. Edwards & Sons, Inc.,* 810 F.2d 1042, 1046 (11th Cir.1987)), and a plaintiff does not need to prove loss causation under Florida law, *see E.F. Hutton & Co., Inc. v. Rousseff,* 537 So.2d 978, 981 (Fla.1989) ("Proof of loss causation is not mentioned in sections 517.211 or 517.301, nor is it required under section 12(2), which is the comparable federal law, or under the common law cause of action from which the state and federal laws derived. Accordingly, we hold that proof of loss causation is not required in a civil securities proceeding under sections 517.211 and 517.301, Florida Statutes.").
>
> Accordingly, in order to state a claim under Section 301, a plaintiff must allege the following: (1) that a defendant made a misstatement or omission (2) of a material fact (3) with scienter (4) upon which the plaintiff relied. *See Theoharous v. Fong,* 256 F.3d 1219, 1224 (11th Cir.2001), *abrogated on other grounds by Merck & Co., Inc. v. Reynolds,* 559 U.S. 633, 130 S.Ct. 1784, 176 L.Ed.2d 582 (2010). Additionally, a plaintiff must also satisfy the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure in order to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 9(b). Federal Rule of Civil Procedure 9(b), provides: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b).
>
> To satisfy Rule 9(b)'s heightened pleading requirements, a plaintiff must set forth "(1) precisely what documents or oral representations were made, ... (2) the time and place of each such statement and [where possible] the person responsible for making (or, in the case of omissions, not making) same, ... (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *In re Recoton Corp. Sec. Litig.,* 358 F.Supp.2d 1130, 1138 (M.D.Fla.2005) (quoting *Ziemba v. Cascade Int'l, Inc.,* 256 F.3d 1194, 1202 (11th Cir.2001)). The "particularity" requirement "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.' " *Ziemba v. Cascade Intern., Inc.,* 256 F.3d 1194, 1202 (11th Cir.2001) (citation omitted).

*Arnold v. McFall*, 839 F. Supp. 2d 1281, 1286-87 (S.D. Fla. 2011).

24. In paragraph 37 of the Complaint, a specific list of deficiencies is set forth. Defendants argue that these representations are "true" so there can be no cause of action.

Unfortunately, for Defendants, inasmuch as no shares were ever issued to Plaintiffs, it is impossible for the representations as to the shares to be "true."

25. Additionally, once again, we have to venture into contract interpretation to support Defendants' arguments and this is improper as explained above.

26. Notably Defendants do not dispute that the Count is improperly pled, with the exception of requesting additional facts, dates and times. Plaintiffs submit that that Count II is adequately pled, and the motion to dismiss should be denied as to Count II.

27. At worst, Plaintiffs may have to clarify certain issues, but it is submitted that pending the Rule 26 disclosures, Plaintiffs should have at least until after the exchange of information to amend the pleading as necessary.

### Point V – Fraudulent and Negligent Misrepresentation

28. Counts III and IV have been brought for Fraudulent and Negligent Misrepresentation.

29. The elements of these counts are adequately set forth:

> The essential elements of a claim for fraudulent inducement *1358 are: "(1) a false statement of material fact; (2) the maker of the false statement knew or should have known of the falsity of the statement; (3) the maker intended that the false statement induce another's reliance; and (4) the other party justifiably relied[8] on the false statement to its detriment." *Rose v. ADT Sec. Servs., Inc.,* 989 So.2d 1244, 1247 (Fla. 1st DCA 2008) (citing *Simon v. Celebration Co.,* 883 So.2d 826, 832 (Fla. 5th DCA 2004)) (footnote added).[9]
>
> A plaintiff asserting a cause of action for negligent misrepresentation must establish:
> "(1) the defendant made a misrepresentation of material fact that he believed to be true but which was in fact false; (2) the defendant was negligent in making the statement because he should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely ... on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation." *Specialty Marine & Indus. Supplies, Inc. v. Venus,* 66 So.3d 306, 309 (Fla. 1st DCA 2011)

>(quoting *Simon v. Celebration Co.,* 883 So.2d 826, 832 (Fla. 5th DCA 2004)) (citation omitted).

*Dantzler, Inc. v. PNC Bank, Nat. Ass'n*, 946 F. Supp. 2d 1344, 1357-58 (S.D. Fla. 2013).

30. Notably Defendants do not dispute that the Counts are improperly pled, with the exception of requesting additional facts, dates and times. At worst, Plaintiffs may have to clarify certain issues, but it is submitted that pending the Rule 26 disclosures, Plaintiffs should have at least until after the exchange of information to amend the pleading as necessary.

31. In any event, it is clear that Counts III and IV are adequately pled, and the motion to dismiss should be denied as to Counts III and IV.

### Point VI – Conversion

32. Count V has been brought for Conversion.

33. The elements of this count are adequately set forth:

>Form 1.939. Conversion
>COMPLAINT
>Plaintiff, A. B., sues defendant, C. D., and alleges:
>1. This is an action for damages that (insert jurisdictional amount).
>2. On or about ..... (date) ....., defendant converted to his/her own use (insert description of property converted) that was then the property of plaintiff of the value of $ ..........
>WHEREFORE plaintiff demands judgment for damages against defendant.

Fla. R. Civ. P. Form 1.939

34. Having followed exactly the form for conversion, it begs the question how could the count be defective as to pleading?

35. Defendants fail to understand that the $145,000.00 at issue has been identified and has been delivered to Defendants. If the money is found to have been taken by a non-party to the written contract, Defendants seem to suggest that there is no conversion.

36. The bottom line is that once the location of the funds is identified through pleading and discovery, Defendants are free to move for summary judgment at that time

37. But for now, Count V is adequately pled, and the motion to dismiss should be denied as to Count V.

### Point VII – Civil Theft

38. Count VI has been brought for Civil Theft.

39. In similar fashion to conversion, there is no claim by Defendants that the cause is not adequately pled; but simply that it cannot stand. Once again, Defendants rely on the written contract, claiming it precludes the cause.

40. Defendants fail to understand that the $145,000.00 at issue has been identified and has been delivered to Defendants. Notably, a proper pre-trial demand was served which is not even addressed by Defendants.

41. As above, once the location of the funds is identified through pleading and discovery, Defendants are free to move for summary judgment at that time.

42. But for now, Count VI is adequately pled, and the motion to dismiss should be denied as to Count VI.

### Point VIII – Contract Implied in Law

43. Count VII has been brought for Contract Implied in Law. This is another alternative pleading is no recovery is had under a breach of contract. It also covers all non-contracting parties.

44. The elements of this count are adequately set forth:

> A contract implied in law, or quasi contract, is not based upon the finding, by a process of implication from the facts, of an agreement between the parties. A contract implied in law is a legal fiction, an obligation created by the law without regard to the parties' expression of assent by their words or

> conduct. 1 *Corbin on Contracts* § 1.20; *Tipper,* 281 So.2d at 13. The fiction was adopted to provide a remedy where one party was unjustly enriched, where that party received a benefit under circumstances that made it unjust to retain it without giving compensation. *Tipper,* 281 So.2d at 13; *Variety Children's Hosp. v. Vigliotti,* 385 So.2d 1052, 1053 (Fla. 3d DCA 1980).
>
> The elements of a cause of action for a quasi contract are that: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it. *Hillman Const. Corp. v. Wainer,* 636 So.2d 576, 577 (Fla. 4th DCA 1994); *Henry M. Butler, Inc. v. Trizec Properties, Inc.,* 524 So.2d 710, 711– 12 (Fla. 2d DCA 1988). Because the basis for recovery does not turn on the finding of an enforceable agreement, there may be recovery under a contract implied in law even where the parties had no dealings at all with each other. *See Variety Children's Hosp.,* 385 So.2d at 1053. This is unlike a contract implied in fact which must arise from the interaction of the parties or their agents.

*Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co., Inc.*, 695 So. 2d 383, 386 (Fla. 4th DCA 1997), <u>as modified on clarification</u> (June 4, 1997).

45. As the count is pled in the alternative and the only claim by Defendants is that there is a written contract (presumably between all parties), the count must stand.

46. Count VII is adequately pled, and the motion to dismiss should be denied as to Count VII.

### **Point IX – Equitable Accounting**

47. Count VIII has been brought for Equitable Accounting.

48. The elements of this count are adequately set forth. Defendants argue that they had no fiduciary obligation as to the $145,000.00 received and further, essentially argue that Plaintiffs are not entitled to ascertain who ultimately received the funds at issue.

49. Defendants fail to understand that the $145,000.00 at issue has been identified and has been delivered to Defendants, but that the location of the funds is only known to Defendants at this time.

50. An accounting is clearly the proper remedy to ascertain the location and disposition of the funds at issue.

51. The bottom line is that once the location of the funds is identified through pleading and discovery, Defendants are free to move for summary judgment at that time as to all non-receiving parties.

52. Count VIII is adequately pled, and the motion to dismiss should be denied as to Count VIII.

## Point X – Civil Conspiracy

53. Count IX has been brought for Civil Conspiracy.

54. The elements of this count are adequately set forth:

> In Florida, "[a] civil conspiracy requires: (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Raimi v. Furlong,* 702 So.2d 1273, 1284 (Fla. 3d DCA 1997).

*Eagletech Communications, Inc. v. Bryn Mawr Inv. Group, Inc.*, 79 So. 3d 855, 863 (Fla. 4th DCA 2012)

55. $145,000.00 has been received by Defendants and nothing has been received by Plaintiffs in return. Plaintiffs have pled that this was in fact both the object of the conspiracy and the reality of what occurred. In addition, all parties engaged in the misrepresentations that caused the delivery of the funds by Plaintiffs.

56. The Count should stand.

57. At worst, Plaintiffs may have to clarify certain issues, but it is submitted that pending the Rule 26 disclosures, Plaintiffs should have at least until after the exchange of information to amend the pleading as necessary.

## **CONCLUSION**

58. For the foregoing reasons, Plaintiffs respectfully submit that the Motion to Dismiss by Defendants, should be denied in its entirety.

59. To the extent the Court differs in its opinion and grants any part of the motion of Defendants, Plaintiffs respectfully request that such dismissal be without prejudice and the Court grant Plaintiffs a reasonable time period to amend the pleadings, noting the Scheduling Order (D.E. #19) provides up to and including November 23, 2015 to amend the pleadings in this matter.

60. At worst, Plaintiffs may have to clarify certain issues, but it is submitted that pending the Rule 26 disclosures, Plaintiffs should have at least until after the exchange of information to amend the pleading as necessary.

WHEREFORE, Plaintiffs, PIONEER INTERNATIONAL GROUP, INC. and GEORGE ANAYA, JR., respectfully requests the Court to deny the Motion to Dismiss of Defendants in its entirety, together with such other, further and different relief the Court may deem just, proper and equitable under the circumstances.

Date: September 13, 2015

> **FMS LAWYER, PL**
> 9900 Stirling Road, Suite 226
> Cooper City, Florida 33024
> Telephone: 954-985-1400
> Telecopier: 954-241-6947
>
> BY: _____/s/_____
>     Frank M. Smith
>     Florida Bar No. 069681
>     Frank.smith@fmslawyer.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2015, I electronically filed the foregoing with the Clerk of Court via the CM/ECF system, which will send an electronic notice to all counsel entitled to receive such notification

**FMS LAWYER, PL**
9900 Stirling Road, Suite 226
Cooper City, Florida 33024
Telephone: 954-985-1400
Telecopier: 954-241-6947

BY: _____/s/_____
Frank M. Smith
Florida Bar No. 069681
Frank.smith@fmslawyer.com