UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Pioneer International Group, Inc. et al.<br><br>    Plaintiffs,<br><br>    v.<br><br>Westlund Farms, LLC, *et al*.<br><br>    Defendants | Case No. 0:15-cv-61731-JIC |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Plaintiffs' opposition to the motion to dismiss ignores all of the arguments and points made in the Defendants' motion. Instead of addressing these matters, Plaintiffs say that they can sue because they paid money and did not get what they were promised. Though this contention is inaccurate, it is irrelevant because Plaintiffs' basic causes of action (Counts I-IV) are not based on this claim, but rather are based on a convoluted series of allegations and alleged damages, none of which makes any sense. And Plaintiffs' more esoteric claims (Counts V-IX), while creative, fail as a matter of law.

    **A.    Count I of the Complaint (Breach of Contract) Fails as a Matter of Law**

With much fanfare, plaintiff Pioneer International Group, Inc. claims that defendants' motion to dismiss this count is "silly" because it paid money and got nothing in return. Plaintiff's claim in Count I, however, is not what it now says should be its claim.

Rather than what Pioneer now apparently wishes to be its claim, Pioneer says in Count I that it paid $145,000, Complaint at ¶18, and that it immediately re-sold to third parties the Preferred Stock it purchased "in reliance on Exhibit 'C,' and the representations of Westlund and Gray." Complaint at ¶19. But, Pioneer complains, it was damaged because WFLLC failed "to timely issue the subject shares," Complaint at ¶30, so that Pioneer did not have the preferred

1

shares to transfer to the third parties to which it and Anaya (Pioneer's principal) sold the Preferred Shares.  Therefore, Pioneer and Anaya say that they had to cover these third party sales with other stock owned by Anaya.  Complaint at ¶¶20-21.  The Preferred Stock Pioneer purchased was not registered until May, and the shares that Anaya used "to satisfy third parties would be subject to Rule 144 (and would not be registered)."  Complaint at ¶23.

So, plaintiff Pioneer is not suing for a breach of contract wherein it alleges damages because it paid money and now wants it back.  Rather, plaintiff Pioneer says it was damaged because plaintiff Anaya covered a resale of Pioneer's shares with Anaya's own stock.  But, as we point out in our motion, and to which Pioneer offers no response, (a) plaintiff Pioneer can't be damaged because another person, Anaya, sold his own stock, and (b) the Stock Purchase Agreement attached as Exhibit C to the complaint prohibited Pioneer from reselling the stock as Pioneer claims it wanted to do.  Exhibit C at ¶2.4.

Plainly, damages supposedly arising because Pioneer could not resell the shares owing to their alleged non-issuance, and coverage with Anaya's shares, cannot be damages proximately caused by any non-delivery of the shares at issue.  Simply put, the elements of the breach of contract claim have not been stated as a matter of law.

### B. Count II of the Complaint (the FSIPA Claims) Fails as a Matter of Law

#### i. The Complaint Does Not State Sufficient Facts to Support a FSIPA Claim

Plaintiffs do not deny that they failed to comply with Fed. R. Civ. P. 9(b)'s particularity requirements.  Plaintiffs fail to address the fact that we are not told which of the defendants made which statements to which plaintiff.  We are not told the time and place of each such statement.  We do not know the content of such statements and the manner in which they misled the plaintiffs.  And, we are not told what each defendant obtained as a consequence of the alleged

fraud. For example, plaintiffs do not, and cannot possibly, allege that all the defendants received the same $145,000. Plainly, Rule 9(b) has not been satisfied here. *In re Recoton Corp. Sec. Litig.,* 358 F.Supp.2d 1130, 1138 (M.D.Fla.2005; *Ziemba v. Cascade Intern., Inc.,* 256 F.3d 1194, 1202 (11th Cir.2001).

        ii.    The Complaint Could Not State a FSIPA Claim Even if it Were Particularized

Plaintiffs assert that the "list" of alleged misrepresentations is sufficient because they must be false "inasmuch as no shares were ever issued to Plaintiffs." But, the alleged misstatements have nothing do with this allegation that "no shares were ever issued to Plaintiffs."

The first statement is that "preferred shares of Civergy were offered for sale, which shares could be purchased at $1.00 per share." Exhibit C is a contract to purchase these precise shares. By attaching Exhibit C, the Complaint demonstrates that the first alleged false statement is a true statement.

The second statement is that "the shares would convert at 100:1." Again, Exhibit C is a contract to purchase these precise shares with this precise conversion factor. By attaching Exhibit C, the Complaint demonstrates that the second alleged false statement is a true statement.

The third statement is that the "shares were preferred." Again, Exhibit C is a contract to purchase these precise preferred shares. By attaching Exhibit C, the Complaint demonstrates that the third alleged false statement is a true statement.

The fourth statement is that "the shares would be available immediately." Nothing in the Complaint suggests that this alleged statement is material for any reason other than immediate re-sell. But, as described in Section B above, because these shares could not be immediately re-sold, this statement is immaterial. Only a material misstatement of fact is actionable under the

3

securities laws. *Jankovich v. Bowen*, 844 F. Supp. 743, 747 (S.D. Fla. 1994). Consequently, this alleged misstatement is not actionable as a matter of law.

The fifth allegedly false statement was that the "shares would be registered as a part of the S1 of Cybergy." But, the Complaint alleges either that the shares *were* registered as part of the Cybergy S1, or it is unclear if they were so registered. Complaint at ¶¶23-25. Either way, there is either an allegation of truthfulness, or an admission of lack of knowledge concerning non-truthfulness, in this Complaint concerning this matter.

The sixth, and final alleged misrepresentation is that "the shares would be unrestricted." But, Exhibit C states explicitly that the shares are restricted. Exhibit C at ¶¶2.4, 2.6. The Florida securities statutes do not permit a cause of action based on an alleged misrepresentation unless the reliance on the misrepresentation was reasonable. *Jankovich v. Bowen*, 844 F. Supp. 743, 747 (S.D. Fla. 1994). Reliance on oral representations, even if false, is unreasonable if the party enters into a subsequent agreement not containing the alleged misrepresentation. *Schubot v. McDonalds Corp.*, 757 F. Supp. 1351, 1356 (S.D. Fla. 1990) *aff'd,* 963 F.2d 385 (11th Cir. 1992). *See also Saunders Leasing System v. Gulf Central Distribution Center, Inc.,* 513 So.2d 1303, 1306-1307 (Fla. 2 D.C.A.1987).

Not one of these allegedly false statements is a statement that the shares would be issued and they were not issued. None of these statements can support a FSIPA claim.

    **C.    Counts III and IV of the Complaint (Fraudulent and Negligent Misrepresentation) Fail as a Matter of Law**

Plaintiffs' claims for fraudulent and negligent misrepresentation in Counts III and IV of the Complaint are flawed for the same reasons as Count II. First, the claims are not stated with the required particularity under Rule 9(b). Second, to the extent that the same alleged

misstatements are the basis of the claims in Counts III and IV, they are not actionable misstatements for the reasons described immediately above.

Plaintiff's claims under Counts III and IV also fail because recovering for both common law fraud and negligent misrepresentation requires a showing that the injured party justifiably relied on the misstatements. *Jankovich v. Bowen*, 844 F. Supp. 743, 748 (S.D. Fla. 1994); *Alna Capital Assoc. v. Wagner,* 758 F.2d 562 (11th Cir.1985). All of the statements to which plaintiffs now point are pre-contractual. But, the law is clear that "reliance upon oral representations, even if false, is unreasonable if the party enters into a subsequent agreement." *Schubot v. McDonalds Corp., supra*, 757 F. Supp. at 1356. Here, Plaintiffs fail to address this issue in any way in their opposition.

### D.   Count V (Conversion) Fails as a Matter of Law

Plaintiffs fail to address the law that a mere obligation to pay money may not be enforced by a conversion action. *Tambourine Comercio Int'l SA v. Solowsky,* 312 F. App'x 263, 272 (11th Cir.2009); *Kee v. National Reserve Life Ins. Co.,* 918 F.2d 1538, 1541 (11th Cir.1990) (citing *Advanced Surgical Techs., Inc. v. Automated Instruments, Inc.,* 777 F.2d 1504, 1507 (11th Cir.1985) (quoting *Belford Trucking Co. v. Zagar,* 243 So.2d 646, 648 (Fla. 4th DCA 1970)). "Money may be the subject of a conversion only where 'it consists of specific money capable of identification.'" *Kee,* 918 F.2d at 1541 (citing *Belford,* 243 So.2d at 648); *Belford Trucking Co. v. Zagar, supra* (money can only be the subject of a conversion action when it can be readily identified with a special mark or, for example, when it has been put in a trust).

The conversion claim here is nothing more than a claim that $145,000 paid under the Pioneer/WFLLC contract should be repaid. There is no specifically identifiable dollar bills here. As Plaintiffs fail to address these shortcomings, this Count certainly should be dismissed.

5

### E.    Count VI (Civil Theft) Fails as a Matter of Law

Plaintiffs fail to address the law that a civil theft claim does not arise from a mere breach of contract, *Moore Bus. Forms, Inc. v. Iberoamerican Electronics, S.R.L.*, 698 So. 2d 611, 613 (Fla. Dist. Ct. App. 1997), which is all that plaintiffs allege here – they paid $145,000 and did not get what they were allegedly promised under Exhibit C.  Indeed, a claim of civil theft requires an allegation that the act was done with "felonious intent."  *Lewis v. Heartsong, Inc.*, 559 So. 2d 453, 454 (Fla. Dist. Ct. App. 1990).  An alleged contract breach is not "felonious" and no such feloniousness is alleged in this Complaint.

### F.    Count VII (Implied Contract) Fails as a Matter of Law

Plaintiffs' allegations establish a written contract – Exhibit C.  And, to the extent that there is any allegation in this Complaint to a mutual intent to contract, it is only in the context of the written agreement attached as Exhibit C.  The existence of Exhibit C, however, bars plaintiffs' implied contract claims.  *See Williams v. Bear Stearns & Co.,* 725 So.2d 397, 400 (Fla. 5th DCA 1998) (unjust enrichment claim fails upon showing of express contract), *rev. denied,* 737 So. 2d 550 (Fla. 1999); *Santovenia v. Confederation Life Assoc.,* 460 F.2d 805, 811 (5th Cir. 1972) (unjust enrichment not available where parties entered into insurance contract).

Plaintiffs' response is that a non-contract party like Anaya can sue for implied contract.  But, the money at issue was paid by the contract party here – Pioneer.  Anaya cannot sue personally for money paid by Pioneer!

### G.    Count VIII (Accounting) Fails as a Matter of Law

A party seeking an accounting must show the existence of a fiduciary relationship or a complex transaction, and must demonstrate the inadequacy of the legal remedy.  *Kee v. National*

*Reserve Life Ins. Co.,* 918 F.2d 1538, 1540 (11th Cir.1990).  Plaintiffs' opposition fails to address where it alleges any of these elements.  Plainly, this claim fails as a matter of law.

H.  **Count IX (Civil Conspiracy) Fails as a Matter of Law**

We are not told (1) who conspired with whom, or (2) what unlawful act or unlawful means were used and which supposedly underlie the conspiracy claim.  Complaint at ¶¶79-81.  All we are told is that someone conspired with someone about something that was not unlawful.  Plainly, this claim for civil conspiracy should be dismissed.

**Conclusion**

For the foregoing reasons, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

/s/ Maurice B. VerStandig
Maurice B. VerStandig #76723
4800 Montgomery Lane, 9th Floor
Bethesda, MD 20814
240-507-1714
240-507-1735
mverstandig@offitkurman.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of September, 2015, a copy of the foregoing was served on all counsel via the Court's ECF.

/s/ Maurice B. VerStandig

4820-2269-5464, v. 1