UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61731-CIV-COHN/SELTZER

PIONEER INTERNATIONAL GROUP, INC.
and GEORGE ANAYA, JR., individually,

    Plaintiffs,

v.

WESTLUND FARMS, LLC,
ANDREW WESTLUND, individually,
CYBERGY HOLDINGS, INC., and
MARK GRAY, individually,

    Defendants.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon the Defendants' Motion to Dismiss DE [17]. The Defendants, Westlund Farms, LLC ("WFLLC"), Andrew Westlund ("Westlund"), Cybergy Holdings, Inc. ("Cybergy") and Mark Gray ("Gray") move to dismiss the Plaintiffs' Complaint for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Plaintiffs, Pioneer International Group, Inc. ("Pioneer") and George Anaya, Jr. ("Anaya") seek damages and equitable relief arising out of a November, 2014, stock purchase. Plaintiffs allege that Gray and Westlund made various representations about the stock to Anaya, which in turn resulted in Pioneer signing a contract with WFLLC for the purchase of $145,000.00 worth of Cybergy stock. Plaintiffs further allege that the purchase price of $145,000.00 was paid, but the stock was not issued. Despite demand, the Defendants have not returned the purchase price of the stock.

Plaintiffs have filed a nine-count Complaint alleging breach of contract by WFLLC, breach of Florida Statute § 517.301, fraudulent misrepresentation, negligent misrepresentation, conversion, civil theft in violation of Florida Statute § 772.11, contract implied at law and accounting. Defendants move to dismiss each of the counts for failure to state a claim on which relief can be granted.

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1392 (S.D. Fla. 2014), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Court's consideration is limited to the allegations in the complaint. *See GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir.1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention,* 623 F.3d 1371, 1379 (11th Cir.2010); *see also Roberts v. Fla. Power & Light Co.,* 146 F.3d 1305, 1307 (11th Cir.1998).

Although a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (internal citations and quotations omitted). Legal conclusions in a complaint must be supported by factual allegations and only a complaint which states a plausible claim for relief shall survive a motion to dismiss. *Randall v. Scott,* 610 F.3d

701, 710 (11th Cir. 2010) citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

### Breach of Contract.

The only parties to the breach of contract claim in Count I are the parties to the written Stock Purchase Agreement, Pioneer and WFLLC. Pioneer alleges that it paid money for the purchase of stock to WFLLC and that WFLLC breached the Stock Purchase Agreement by failing to issue the shares, causing damage to Pioneer. Taking the allegations of the Complaint as true, this is a breach of contract claim. See Beck v.Lazard Freres & Co., LLC, 175 F.3d 913 (11th Cir. 1999)("The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages.")

Defendants argue that some of the damages claimed in the Complaint, i.e., losses incurred by the Plaintiffs when they re-sold the shares they were expecting to be issued, are not supported by the terms of the contract. That may prove to be so, but Pioneer has alleged damage by not receiving the shares for which it paid. Count I states a claim for breach of contract.

### Florida Statute § 517.301(1)(a).

Defendants argue that Count II of the Plaintiffs' Complaint should be dismissed because it does not meet the heightened pleading requirements of Fed. R. Civ. P. 9(b) or state a claim under Section 301. Section 517.301(1)(a) ("Section 301") of the Florida Securities and Investor Protection Act provides for damages and other relief arising from the sale of securities using materially fraudulent statements. Section 301 is the state equivalent to a Rule 10b-5 action, except the scienter element under Section 301 is not as stringent as under the federal statute. Grippo v. Perazzo, 357 F.3d 1218 (11th

3

Cir. 2004)(negligent misrepresentations can satisfy the scienter requirement under Section 301).

Paragraph 37 of the Complaint lists six of the representations allegedly made or verified by the Defendants in connection with the proposed sale of the stock. Defendants argue those statements cannot be the basis for a misrepresentation claim because they are all true (as evidenced by the Stock Purchase Agreement) or were not made. Yet, Plaintiffs allege that they "relied upon the representations of Defendants and paid the sum of $145,000.00. Plaintiffs now have neither their money, nor any securities." DE [1-1], ¶¶ 38, 39. Accepting the allegations of the Complaint as true and drawing all reasonable inferences in favor the Plaintiffs, the Court cannot conclude that the Complaint fails to state a claim under Fla. Stat. § 517.301. Furthermore, the Court finds that the allegations in the Complaint are pled with sufficient particularity to put the Defendants on notice as to the "precise misconduct with which they are charged." *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)(citations omitted).

<u>Fraudulent and Negligent Misrepresentations.</u>

Defendants argue that the written Stock Purchase Agreement attached to the Complaint precludes Plaintiffs from stating a claim for fraudulent or negligent misrepresentation because "reliance upon oral representations, even if false, is unreasonable if the party enters into a subsequent agreement." *Shubot v. McDonalds Corp.*, 757 F. Supp. 1351, 1356 (S.D. Fla. 1990), *aff'd* 963 F.2d 385 (11th Cir. 1992). At the pleading stage, the Court must draw every reasonable inference in favor of the Plaintiffs. Plaintiffs' Complaint alleges a breach of the Stock Purchase Agreement because the securities were never issued; at this stage in the proceedings, the Court

cannot conclude, as a matter of law, that the Plaintiffs cannot establish reliance. Fort this reason, the Court denies the Motion to Dismiss Counts III and IV of the Complaint.

### Conversion.

Count V of the Complaint alleges conversion of the $145,000.00 purchase price. Defendants move to dismiss the conversion claim on the ground that the tort of conversion is not applicable to an obligation to pay money. *See Kee v. National Reserve Life Ins. Co.*, 918 F.2d 1538 (11th Cir. 1990). "[C]onversion is defined as an act of dominion wrongfully asserted over another's property inconsistent with his ownership of it." *Belford Trucking Co. v. Zagar*, 243 So.2d 646, 648 (Fla. 4th DCA 1971). Money may be the subject of a conversion action, but "there must be an obligation to keep intact or deliver the specific money capable of identification." *Id.* An example is where money is to be held in a constructive trust or a specific deposit. "A mere obligation to pay money may not be enforced by a conversion action." *Id.* Where a contract does not require money to be held in trust pending performance of the contract, the appropriate remedy is breach of contract, not conversion. *Kee,* 918 F.2d at 1541.

Plaintiffs' Complaint does not allege any special or specific agreement concerning the $145,000.00 purchase price that would give rise to a claim for conversion. As such, dismissal of Count V is appropriate.

Civil Theft.

Defendants move to dismiss the civil theft claim in Count VI arguing that a civil theft claim does not arise from a mere breach of contract. *Moore Bus. Forms, Inc. v. Iberoamerican Electronics, S.R.L.*, 698 So.2d 611, 613 (Fla. Dist. Ct. App. 1997) and because the Plaintiffs have not pled any felonious intent to deprive them of the $145,000.00 purchase price. Plaintiffs allege that the $145,000.00 was delivered to the Defendants, the securities were not issued and the demand for return of money was not acknowledged.

In certain circumstances, a civil theft action and a breach of contract action may "arise in tandem." *Id.* In order to state a claim for civil theft under Florida law, the plaintiff must allege an injury resulting from a violation of the criminal theft statute, Fla. Stat. § 812.014. *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009). Accordingly, Plaintiffs must allege that the Defendants "(1) knowingly (2) obtained or used, or endeavored to obtain or use [Plaintiffs'] property with (3) 'felonious intent' (4) either temporarily or permanently to (a) deprive [Plaintiffs] of its right to or a benefit from the property or (b) appropriate the property to [Defendants'] own use or to the use of any person not entitled to the property." *Id.*

Plaintiffs have alleged state law claims for securities fraud and fraudulent misrepresentation, both of which require some intentional conduct on the part of the Defendants. They allege payment of $145,000.00 for which they did not receive the securities offered by the Defendants as well as Defendants' retention of the money. Although it is close, drawing all reasonable inferences in favor of the Plaintiffs, as the

Court is bound to do at this stage of the pleadings, the Court is constrained from dismissing the civil theft claim.

Contract Implied In Law.

Count VII alleges simply that the Plaintiffs conferred a benefit on the Defendants in the form of $145,000.00, which the Defendants accepted and retained, and that the circumstances are such that it would be inequitable for the Defendants to retain the benefit without paying for it. DE [1-1] ¶ 69-70. This is an equitable claim and Defendants move to dismiss because the parties have, in fact, entered into a written contract. Defendants ignore the fact that Fed. R. Civ. P. 8(d) permits the filing of alternative and inconsistent claims. *United Technologies,* 556 F.3d at 1273. Accordingly, Count VII will not be dismissed.

Accounting.

Count VIII asks the Court to order an accounting from the Defendants of all monies and benefits received by the Defendants from each other. The Plaintiffs allege that the issues between the litigants involved extensive or complicated accounts, that the Defendants control the records and the Plaintiffs are entitled to an accounting to the extent the Defendants have received any compensation or other money or other benefit from each other which could otherwise reflect the $145,000.00 purchase price paid by the Plaintiffs. Plaintiffs also allege a fiduciary duty on the part of the Defendants. These allegations, if supported by facts, would sustain an equitable claim for an accounting. *See Kee,* 918 F.2d at 1540 (party seeking accounting must show the existence of a fiduciary relationship or a complex transaction and demonstrate the inadequacy of the legal remedy).

As discussed above, legal conclusions in a complaint must be supported by enough facts to make the claim plausible. *Randall*, 610 F.3d at 710. Plaintiffs' Complaint completely lacks any allegations that would support a finding of either the existence of a fiduciary relationship or a complex transaction. Therefore, Count VIII (Accounting) must be dismissed.

Civil Conspiracy.

Count IX alleges a claim of civil conspiracy. In Florida, a civil conspiracy requires "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, ( c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Raimi v. Furlong*, 702 So.2d 1273, 1284 (Fla. 3d DCA 1997). The Defendants argue that the conspiracy claim cannot stand because the Defendants were both officers of the same company and therefore could not have conspired with each other.

The intracorporate conspiracy doctrine bars those acting as agents of a company from being considered capable of conspiring among themselves or with the corporation. *Dickerson v. Alachua County Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000). "The intracorporate conspiracy doctrine originated in the antitrust arena where it seemed logical to conclude that a corporation could not conspire with itself to restrain trade." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir.2000). The

8

Defendants' analysis of who cannot conspire with whom is a matter of proof, not pleading. Accordingly, the motion to dismiss Count IX (civil conspiracy) will be denied.

In light of the forgoing it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Defendants' Motion to Dismiss DE [17] be and the same is **GRANTED IN PART and DENIED IN PART.**

2. Counts V (Conversion) and VIII (Accounting) are **DISMISSED WITHOUT PREJUDICE.**

3. The Motion to Dismiss is **DENIED** as to Counts I, II, III, IV, VI, VII and IX.

4. Should Plaintiffs wish to attempt to replead their claims for conversion and accounting, Plaintiffs shall file an Amended Complaint within fourteen (14) days of the date of this Order.

5. If no Amended Complaint is filed within fourteen (14) days of this Order, Defendants shall file an Answer to the Complaint within twenty-one (21) days from the date of this Order.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 23rd day of November, 2015.

_____
JAMES I. COHN
United States District Judge